May it please the Court, Anne McClintock of the Office of the Federal Defender on behalf of Mr. Newton. We're here this morning because Mr. Newton is challenging his two 924C convictions that were both premised on the pre-1994 amendments to the carjacking statute, which is being crimes of violence under 924C-3 A and B. Our position is that certainly since DiMaia, that the — I'm sorry? Certainly since both this Court's and the Supreme Court's affirmance of the DiMaia decision — All right. But we first have to get through the other subsection, right? All right. I can start there. So the first subsection — That's right. I mean, isn't it? In other words, you can't prevail on the Johnson theory if you're going to lose on the other one. Well, some district courts say I can't get to the first one because of timing. But I'm fine with talking about the first one. I'm sorry. I don't understand what you just said. I don't think that made sense. So let's just start with 924C-3A. So the Fourth Clause has two components under Johnson, the 2015 one and also the 2010 one. I guess the specific question is, isn't your argument precluded by Watson? No. It's precluded by Watson and Gutierrez together. It isn't precluded by Watson. When you take a look at Watson, it is a straight application of Gutierrez with no independent analysis of the intimidation. Well, that doesn't matter. We're bound by it, aren't we? Well, I think the problem is that Gutierrez is looking at a different statute and that it is — that it in the Gutierrez statute — Okay. But we're still bound by it. I mean, whatever it did wrong, we're still bound by it. Is that right or wrong? Well, but Watson is talking about intimidation under the bank robbery statute and not under the — Wasn't Watson the car-attacking statute? Pardon? Wasn't Watson the car-attacking statute? No. It was bank robbery. But hasn't our Court said the intimidation term is treated the same way in both cases? It has. But this Court has also said repeatedly that intimidation just requires an actus reus, the knowing the conduct that you're committing and that it's a general intent crime. And the Supreme Court has also held that in Carter and in Hopkins. But now Watson says that that's enough, isn't it? I mean, I don't know how you get around Watson. I don't either. Well, the — Watson talks about — I mean, I don't know how — I don't know how Watson gets around Carter or — I understand your position. I don't understand how Watson gets around Carter and Hopkins, the Supreme Court, and prior panel decisions from this Court. I mean, do we need to call this issue en banc in order to deal with this? You may disagree with Watson, and we might disagree with Watson. But I don't know how — I haven't yet heard a distinction from Watson. Well, the distinction I make with Watson is that it is bank robbery and that the intimidation standard that is talked about in Gutierrez is connected directly with the specific intent language that was added in September of 1994. And so the — But as I understand it, Watson is reflecting the pre-Johnson understanding of intimidation. And it's simply carrying it forward post-Johnson in light of Gutierrez. So it's — I mean, I think you have some reasonable argument that Johnson might have changed something, but Watson seems to reject that. Well, the key thing that I think you can distinguish with Watson is that it relies on Johnson, but it also relies on that the statute, the 1990 — the September of 1994 version of the carjacking statute, requires that the defendant act with, and I quote, the intent to cause death or serious bodily harm. You mean Gutierrez, right? I'm sorry. Gutierrez, yes. Thank you. But Gutierrez, even in that passage, it says — it has a whole analysis, and then it says it's particularly clear that this is so because of this language. Isn't there already a holding before we even get to the particular language? I think the rest of it is really dictative. This is the narrowest reading of Gutierrez, that it is the specific intent language where you have to act with the intent to cause death and great bodily injury or serious bodily injury. So even if that's right, doesn't Watson then move away from that and treat it as not required? The problem, I think, with — we'll go in circles. So if you feel that you're bound by Watson in that interpretation, then we have the problem that it directly conflicts with prior Supreme Court precedent in Carter, prior circuit precedent in Hopkins, and then I would ask for initial hearing on Bonk. Because if you're bound by it because of those things, then we have a huge problem with circuit in Supreme Court conflict. I think the better reading is to say that Watson is talking about bank robbery, and for whatever reason — And why would we think bank robbery intimidation is different than carjacking intimidation? We haven't before. Can you give us any reason why we would do that? The only reason I can think of at the time is that at this moment is just that the language in Gutierrez is anchored on a specific intent that does not exist for intimidation. But if we look at the two statutes themselves, is there any difference between the carjacking intent and the bank robbery intent? Historically, there's been no interpretation. And nothing different about the wording of the statute or the mens rea requirements, right? Well, there is — In the old — in the version in Gutierrez, but not in the version that matters here, right? No. I mean, that's a different problem. That's why I'm talking about Carter and Hopkins, is that those are prior circuit and Supreme Court precedent. They say bank robberies, mens rea element is still general intent, which is the problem with — that is one of the problems with the Watson decision, is that in order to have an intentional violent force, which is necessary to be a crime of violence under the force clause, you can't just have a general intent crime. Someone has to intend to inflict — But Watson disagrees with that, right? It does seem to do that. I think it's — And is there any reason from the bank robbery statute compared to the carjacking statute that we could say Watson isn't talking about what we have in carjacking? Well, I think Watson isn't talking about carjacking because it is the bank robbery statute. Right, but is there any difference between the two statutes, the bank robbery statute and the carjacking statute, that would give us a hook for — Not as far as the language about the force and violence or intimidation language, and that's always been consistently interpreted. So you're — you say that Hopkins and what was the other case? Supreme Court's decision in Carter. In Carter? I believe it's Carter. I cited in the reply — As much as Carter, say? Carter is another case that held — there was a challenge in Carter to whether the person had the specific intent to commit — I think those were both bank robbery cases. The specific intent to commit the bank robbery, given — and I don't — standing here, I don't remember the specific details of the facts, but the Supreme Court came back and said that the intimidation language is sufficient if someone just knows what they're doing and forms the general intent to take property from the bank or take money from the bank. So Carter doesn't say anything about whether that's a crime of violence, though? No, no. So Carter doesn't really conflict with Watson. It seems like you're concerned that an earlier case from our circuit does. Well, the problem isn't that these prior cases, Hopkins and Carter and other cases, that treat bank robbery or the old version of carjacking as a general intent offense, didn't have to address whether it fit a 924C or 16B or ACCA version of a crime of violence. The problem is taking that old case law that has not been overturned and then trying to sandwich those holdings into saying that despite that it's just general intent and despite that Johnson 2010, Johnson 2015, or Johnson 2010, says that you have to have the intent to inflict serious bodily injury or violent force. There's an intent element that Johnson, the first Johnson case, requires that's beyond — that's more than recklessness, that's more than just simple knowledge. This is a specific intent to inflict. So can you describe an intimidation that is knowing but not intentional? Well, the Hopkins case is one where someone goes into a bank and, you know, hands a note, is very polite, has no gun, makes no threatening comments, makes a demand for money. And Hopkins, and that's consistent with the Carter decision, says that that's sufficient intimidation. The mere presenting yourself and making this demand is enough to intimidate the bank personnel to hand over the money, and that's sufficient for conviction of bank robbery. So in those scenarios, that's not sufficient. There's no threat of violence, there's no actual use of violence, and there's no intent by someone acting as the gentleman bank robber to suggest that violence was instead a threat. But isn't the gentleman bank robber, like, suggesting that there's a gun in his pocket or something? Otherwise, why would they give the money? The facts in Hopkins and the holding of this case said that it was clear to everyone that the man had no weapon. So that's the conflict. We're taking old case law where we said this behavior is sufficient as a general intent to get convicted of bank robbery, and now that we want to add an enhanced penalty or a new conviction, that we're trying to sandwich that in to say that it's also sufficient to satisfy the intentional violent force. And that's the problem that arises. It doesn't fit 924C's force clause. I have 20 seconds. Are there any questions on the demya? Thank you. Thank you very much. Morning, Your Honors. May it please the Court. Ross Pearson from the United States. As the Court noted, this case is dictated by the Court's decisions in Watson and Gutierrez because those cases show that carjacking is a crime of violence because of the term intimidation. And this Court's understanding of the term intimidation is the same today as it was back in 1994 when the defendant committed federal carjacking. So just as this Court held in Gutierrez that the current statute of federal carjacking is a crime of violence, the prior version is also a crime of violence. Now, I want to touch on a few points that Newton raised. The first is that Gutierrez is based on the intent language that was added to the 1994 statute. As Judge Friedland noted, the Gutierrez case is actually based on the term intimidation. And its analysis goes through whether intimidation is sufficiently intentional and presents a threat of violent force. At the very end, after it reaches its conclusion that federal carjacking is a crime of violence, it only says that's particularly true when the defendant asks with acts with intent to cause death or serious... This is not a question of what we're bound by, but whether Watson made some fundamental mistake. Watson, so then we have Watson. Watson's a bank robbery case, but no one's suggested why they should be different. But Watson directly addresses the mens rea, and he says that Watson and Danielson contend that a defendant who negligently intimidated a victim could be convicted. And they say, no, you can't be negligent. You have to be knowing. But they don't say you have to have to intend it. So does that comply with Johnson 1? Watson, I believe, yes, Your Honor, I believe it does, because Watson continues to say that knowing intimidation means the knowing threatened use of force. And it cites Gutierrez. It cites Selfa, which have said for over 25 years that that qualifies as intentional use of force. But what does Johnson say the requisite intent is, requisite mens rea is? It can't be negligent, but what else? Right. Between Johnson and Leocal, it has to be more than negligence. But general... Just more than negligence? At the very least, more than negligence. Could be possibly more than negligence or recklessness. It has to be intentional conduct. And... Well, there's a difference between more than negligence and intentional. That's correct. So that's what I'm asking you. I'm asking you whether when Watson says it's more than negligence, has it met the intentional standard of Johnson? Yes. Because why? Because general intent crimes are still intentional crimes, and they're still crimes that are more than negligence. And that's what this Court decided in Johnson when it said that knowing  It means knowing, I'm sorry? Knowing threatened use of force. So this is something particular to intimidation, right? Like some things could be knowing, but you don't necessarily intend the reaction. But the idea is that intimidation is special because you can't really intimidate someone without using a threat of force. Is that the idea? That's right, Your Honor. And the defendant's example in Hopkins does not stand for the proposition that intimidation can be committed negligently. In Hopkins, the defendant walked into a bank, handed the teller a note that said, Give me all your 20s, 50s, and 100s. And the jury convicted him. But that stands for the proposition that the threat can be implied rather than an express threat of saying, Give me all your 20s, 50s, or 100s, or I'm going to hurt you. It doesn't stand for the proposition that the defendant can commit bank robbery or carjacking by intimidation without doing so intentionally. And what's the requisite intent? It would be at least general or not. Meaning what exactly? I always — I never quite understand these terms. Meaning what? Meaning, sorry, like — Well, he has to intend to do what he did, i.e., give the person a note. But does he have to intend to have that person think that he's threatening force or violence? Yes. And the general intent covers that? Yes, Your Honor. And that's because the defendant — it's the term intimidation. It's the defendant knowingly uses that threat of force. That's what intimidation requires under both carjacking and bank robbery. That he intend that the person think they're being threatened? Yes. And you get that out of general intent? Yes, Your Honor. And that's out of Watson. That's not usually what general intent means. In this context, it's what this Court has held means. It's what this Court said in Watson and in Gutierrez and itself. Well, it didn't say that in Watson. It said contrary to Watson and Danielson's contention, a defendant may not be convicted if he only negligently intimidated the victim. Right, Your Honor. And then it continued to say that that requires the intentional — But he recklessly intimidated the victim. I mean, he didn't really mean to intimidate the victim, but somebody would feel intimidated. So I believe that it requires him to knowingly use the threat of force. That's what Watson has said. I just read what it said. Where did it say what you said it said? Page 785. I don't have the case in front of me. 785, okay. There's a paragraph where it — Requires a higher degree of intent than negligence or merely accidental conduct. That's Leocal. I think he's at the bottom of 785 on the right column. The offense must at least involve the knowing use of intimidation. Okay. And the knowing is coming from? It's coming from this court's interpretation of the term intimidation, dating all the way back to SELFA in 1990. And these are the same arguments that the Watson court addressed. Whether the bank robbery statute requires intentional use of force and violent use of force, it held that it did. And so if the panel doesn't have any further questions, we ask — I do have a question about whether we have to decide that this petition is timely under 2255F before we can even get to this force question. Yes. I believe you do. It is — So we do in the sense that it's jurisdictional, or what do you mean by that? That the defendant would have to present the claim within a year of it being a new rule made retroactive. But the question is, do we need to decide that question in order to decide that Watson is controlling here? Or can we just say it doesn't matter because Watson is controlling here? I believe this court can say it doesn't matter because Watson and Goodyear is control. So it's not a jurisdictional question? I believe that's right, Your Honor. Do we have authority in our court saying that it's not jurisdictional? I'm not aware of that, Your Honor. I apologize. If the court has no further questions, though, we would ask —  Our position is that — Let me just backtrack a minute and say that my understanding is that if the Johnson issue was — the Johnson 2 issue was properly before us, then we can reach the Johnson 1 issue. Right. Even though that's not the issue that triggers the timeliness, right? Right, right. So then the question is, what about the Johnson 2 issue? So our position has shifted some since DiMaia. We've taken a different litigating position. But our position is that DiMaia did announce a new rule. However, that new rule has not been made retroactive to cases involving 924C. And that's because Chida's — You're still taking that position? So you don't think this is timely? Right. And that's because Chida's requires that the new rule be — a new rule is one that's not dictated by prior precedent. So where it's not clear to all — But the rule — and DiMaia made this pretty clear — of Johnson is that it applies here as the same rule that was adopted in Johnson, basically. Right? I mean, the statutes are slightly different. But what DiMaia said was those differences don't matter. It's all the same rule. Didn't they say that? They did, as applied to Section 16B. Our position is different as applied to Section 924C. Is there any difference between 924C and the statute at issue in DiMaia? There is, Your Honor. And it's something that we could set forth in supplemental briefing if the Court wishes, but — Well, can you describe the difference in the way that shows us why it's relevant to whether Johnson created a new rule? Yes, Your Honor. At its most basic point, it's that 16B and the Armed Career Criminal Act talk about convictions that happened far in the past, whereas 924C talks about the same conduct that occurred in the case where the defendant has been convicted. But it's still described in the same fashion. It is. Our position is that the residual clause under 924C does not require a categorical approach, that the Court can actually look at the facts and circumstances. Well, you didn't take that position in this case. That's correct. And we have abandoned our prior position. And that's why, if the Court wants to address that, we could submit supplemental briefing. I know the government's done that in the Begay decision that's currently — that was stated. I have this argument in Begay that the categorical approach doesn't apply, right? Yes, Your Honor. And so, now it sounds like you think we do — you're saying we can skip over that because you think they're going to lose anyway, so it doesn't matter how they lose because you're saying it's not jurisdictional. But if we reach timing, we would have to rule against them on the timing grounds? That's correct, Your Honor. And we'd have to — I still don't — even supposing you're right about it not being a categorical approach, which I don't have my head around because you haven't briefed it, why isn't it still true that their claim is a claim under Johnson II, whether correct or not, and therefore they get to raise it? It's a timely argument. They may lose it, but the argument's timely, no? Well, Your Honor, it's not whether it's a Johnson-type claim. It's whether it would be a new rule if the Supreme Court — Well, that's right. And their argument is that it's — that rule applies. Now, your argument seems to be that that rule doesn't apply because it's a non-categorical statute. And so if we reach the issue, they might lose, but their argument is that the rule applies. Isn't that sufficient for timeliness to decide the question? I think the question is whether — Otherwise, you're just backing the whole merits into the timeliness question. Yes, that's right. I don't think the Court needs to reach the issue of timeliness. But if it did, our position would be that it's not so apparent that Johnson applies to 924C because of the differences in the statutes. But how apparent does it have to be? Does it have to be their position, what they're arguing? They can lose. But it's still — the question of whether it's probably before us is a different issue. Chidas says it has to be apparent to all reasonable jurors. I'm sorry, what? The Supreme Court's decision in Chidas, which discusses what's a new rule, says it has to be apparent to all reasonable jurors. And our position is that it's not apparent to all reasonable jurors that 924C — But what has to be apparent, the actual result or what their position is? The result that 924C would be unconstitutionally vague under the Johnson analysis. That seems totally backwards. Okay. Thank you very much. Yes, we'll give you one minute. Just to address some of the questions that you just raised, I think timeliness is an affirmative defense, so it can be waived. It doesn't sound like they're doing that. I think the proper analysis is that Johnson came out. The petition is premised on the unconstitutionality of the residual clause. That's timely. And I think Judge Berzon is correct that we may lose on it, but the claim is raised within a timely manner. And you don't think it's jurisdictional either, though? No. Generally, in postconviction, timeliness issues are not jurisdictional. They can be waived. They're affirmative defenses like procedural default and other things. They can be waived. Anything else? No, ma'am. Okay. Thank you. Thank you very much. United States v. Newton is submitted. We will go on. The next case, the next two cases, mulatto — the mulatto cases are submitted on the briefs, and we'll go to United States v. Arriaga.
judges: Berzon, Friedland, Dominguez